**BEST FLAVORS, INC., Plaintiff,**

v.

**MYSTIC RIVER BREWING CO., Kennebunkport Brewing Company and Mystic Seaport Museum, Inc., Defendants.**

**Civ. No. 95–81–P–H.**

United States District Court,
D. Maine.

Aug. 18, 1995.

---

Alice Fradin, William R. Borchard, Cowan Liebowitz & Latman, P.C., New York City, Paul R. Levenson, New York City, and Patricia A. Peard, Bernstein Shur Sawyer & Nelson, Portland, ME, for Plaintiff.

Thomas L. Casagrande, Shaun S. Sullivan, Wiggin & Dana, New Haven, CT, and Jeffrey M. White, Pierce Atwood Scribner Allen Smith & Lancaster, Portland, ME, for Defendants.

## ORDER ON ALL PENDING MOTIONS

HORNBY, District Judge.

■ I have reviewed the alternative label designs submitted with the June 16, 1995, letter from the defendants' lawyer. I find that the two designs with ship icons are permissible under the provisions of the June 1, 1995, Findings of Fact and Conclusions of Law and the June 27, 1995, Order Granting Permanent Injunction ("Injunction"). The permissible labels display "Mystic" and "Seaport" side by side in equally prominent type, substantially reducing potential confusion that the beverage is made by MISTIC. A consumer who is perplexed finds clarification in the immediately adjacent and easily visible explanatory line "The Museum of America and the Sea." This statement completely distinguishes the source from MISTIC. The ship icon further reinforces the Seaport element. Thus, there is only minimal likelihood of confusion remaining. I reach this conclusion in light of the eight factors I analyzed at length in the June 1, 1995, Findings. (The only change here is under the category "similarity of the marks.")

■ The design with the compass rose and sarsaparilla leaf is not permissible because the compass rose obscures the clarifying text "The Museum of America and the Sea" and the use of the herbal leaf is reminiscent of the use of fruit and berry images signifying ingredients of various MISTIC beverages presented in evidence at trial.

Mindful of the First Circuit's admonition in *Lussier v. Runyon,* 50 F.3d 1103, 1113–15 (1st Cir.1995), against considering evidence submitted after the record has been closed, I believe nevertheless that no evidentiary hearing or oral arguments on the proposed alternative label designs are necessary. I specifically retained jurisdiction in this matter to consider proposed label designs under the "scope of relief." Order Granting Permanent Injunction ¶ 6 (June 27, 1995). The defendants originally requested a hearing, but subsequently withdrew that request, asking instead for a ruling based on the filings of the parties. The plaintiff asked for a hearing only "if the court feels that any issues of fact are presented by defendants' proposed submissions." Neither party has pointed to any evidence material to my ruling on the proposed labels other than the proposed label designs themselves. Since the labels have never been used, there can be no evidence of actual confusion. The analytical approach to the question of likelihood of confusion remains the same as in my previous order. All that has changed is the content and design of the labels, which are before the court without objection. The effect of these changes is the proper subject of argument by the parties, but since the issues have been fully briefed in their letter submissions, it is not necessary to conduct an evidentiary hearing or oral argument. The proposed alternative label designs are relevant and admissible and, unlike live testimony or evidence of historical disputed facts, are not susceptible to cross-examination, impeachment or contradiction. *See Lussier,* 50 F.3d at 1113, n. 13. Moreover, the court's docket is extremely full with courtroom space at a premium. Thus, the scheduling of a hearing would involve further significant delays to the prejudice of one or both parties. Nevertheless, in light of the uncertainty created by *Lussier,* I GRANT the plaintiff ten (10) days in which to present to the court any argument as to why an evidentiary hearing is necessary, specifying the rel-

**10**

evant testimony or exhibits the plaintiff seeks to admit.

To the extent it is not already moot, the defendants' motion to alter or amend order granting permanent injunction is DENIED. The plaintiff's request to reopen the record to receive evidence of new beer products using the word "Mystic" as part of a trade name is DENIED based on my June 1, 1995, ruling that there is no likelihood of confusion caused by defendants' Mystic Seaport Pale Ale. The marketing plans of persons who are not parties to this case have no bearing on that ruling or on the permissibility of the proposed alternative labels. To the extent that the parties' several letter submissions to me contain other motions, I consider them moot in light of this ruling.

So ORDERED.